```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

                -against-

ALEXANDER COLLADO,

                                  Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/2020

20 Cr. 89 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Defendant, Alexander Collado, is detained at the Metropolitan Correctional Center, awaiting trial on one count of conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and (B). *See* Def. Mot. at 1–2, ECF No. 15; Indictment, ECF No. 2. Now before the Court is Defendant's application for temporary release pursuant to 18 U.S.C. § 3142(i), in light of COVID-19 and Defendant's history of obesity. Def. Mot. at 2. For the reasons stated below, Defendant's motion is DENIED.

Under the Bail Reform Act, a defendant shall be detained pending trial if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Where, as here, the charges include a controlled substance offense with a maximum term of imprisonment of ten years or more, a rebuttable presumption arises that there are no conditions that will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e)(3); *see also* Initial Presentment Tr. at 13:2–14:7, ECF No. 17-1 (finding that Defendant failed to rebut the statutory presumption and ordering pretrial detention).

When a defendant has been ordered detained pending trial, a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of the United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."

18 U.S.C. § 3142(i).  To determine if there is a "compelling reason" for a defendant's release, a court must "balance the reasons advanced for such release against the risks [of danger to the community or of flight] that were previously identified and resulted in an order of detention.  In turn, whether temporary release under § 3142(i) is proper requires the individualized analysis of the facts of each case."  *United States v. Chambers*, 20 Cr. 135, 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020) (internal quotation marks and citation omitted).

Applying these considerations, the Court concludes that temporary release is not appropriate, because no conditions or combination of conditions will reasonably assure the safety of other persons and the community.  Defendant is alleged to have sold substantial quantities of heroin laced with fentanyl, *see* Gov't Opp. at 1, ECF No. 17, and law enforcement recovered from Defendant's residence additional quantities of narcotics and a loaded firearm, which Defendant admitted belonged to him, *see id.* at 2.  Furthermore, the Government searched certain electronic devices belonging to Defendant and found that he had several photographs of firearms saved in messages found on the devices. *Id.* at 4–5.  Although Defendant has a history of severe obesity, and indicates that such a history gives Defendant "an increased risk of suffering [COVID]-19 infection complications," Def. Mot. at 5–6 (internal quotation marks and citation omitted), the Court nevertheless concludes that such concerns fail to overcome the risk of danger posed by Defendant's release.

Accordingly, Defendant's application for temporary release is DENIED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 15 and 18.

SO ORDERED.

Dated: June 26, 2020
     New York, New York

_____
ANALISA TORRES
United States District Judge